ORIGINAL



U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed October 8, 2015

United States Bankruptcy Judge

---

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 9 2015
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RONTAE DERRELL ALEXANDER, | § | Case No.: 15-40264-RFN-13 |
| | § | |
| Debtor. | § | |
| | § | |
| RONTAE DERRELL ALEXANDER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | Adv. No.: 15-4054-rfn |
| v. | § | |
| | § | |
| CARRINGTON MORTGAGE SERVICES | § | |
| LLC, and DAVID STOCKMAN dba | § | (District Court No. 4:15-CV-469-A) |
| STOCKMAN FORECLOSURE SERVICES, | § | |
| INC. | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO
DISMISS UNDER RULE 12(B)(6)**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

I, Russell F. Nelms, United States Bankruptcy Judge, make this report and recommendation regarding a motion to dismiss under FED. R. CIV. P. 12(b)(6) filed by defendant, Carrington Mortgage Services, LLC ("Carrington"). I believe that I lack the constitutional authority to enter a final judgment in this proceeding, and all parties have not consented to my doing so. But, for the reasons stated below, I recommend that Carrington's motion to dismiss be granted and that the plaintiff not be granted leave to amend his complaint.

### FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff purchased a home at 8501 Yellow Buckeye Drive, Fort Worth, Texas (the "Property") in 2007. The Property was sold at a foreclosure sale on July 1, 2014. Carrington was the successful bidder, and a substitute trustee's deed was filed on July 15, 2014, showing Carrington as the owner.

Carrington filed a forcible detainer petition in the Justice of the Peace Court in Precinct 8 of Tarrant County (the "JP Court") to evict the plaintiff. The JP Court entered an order on September 22, 2014 awarding possession to Carrington. The plaintiff appealed the JP Court's order to the Tarrant County Court at Law No. 1 ("County Court"), and the County Court entered a judgment awarding possession to Carrington on November 20, 2014, permitting execution after January 1, 2015. The plaintiff did not file further appeals.

The plaintiff filed his chapter 13 bankruptcy case on January 15, 2015. He filed his bankruptcy case and his schedules and statement of financial affairs with the aid of counsel. He did not list the Property or any claims against Carrington as assets in his schedules. On Schedule F, he listed Carrington as a potential creditor with a foreclosure deficiency claim of

$126,273.00, but he did not disclose the foreclosure sale on the statement of financial affairs. The plaintiff's proposed chapter 13 plan does not provide for any payment to the defendants. Neither of the defendants has filed a proof of claim in this case, and the last day to file claims was June 1, 2015.

Carrington filed a motion for relief from the automatic stay in the bankruptcy court on March 27, 2015 seeking permission to evict the debtor. The plaintiff, represented by counsel at the time, filed a response saying he intended to surrender his interest in the Property and that he did not oppose the motion for relief from the automatic stay. I entered an agreed order on April 15, 2015 terminating the automatic stay (the "Stay Order").

On April 28, 2015, the plaintiff filed a pro se appeal of the Stay Order. In that appeal, which was pending in the District Court as 4:15-CV-332-Y, the plaintiff asserted that the foreclosure was wrongful or irregular. The plaintiff failed to file his brief in the appeal, and, after issuing a show case order, Judge Means dismissed the appeal on October 7, 2015 for want of prosecution.

On June 29, 2015, the plaintiff filed this suit against the defendants in District Court (case number 4:15-CV-469-A). The plaintiff seems to be asserting the same wrongful foreclosure-type claims in this proceeding as he did in the appeal of the Stay Order. Due to the plaintiff's pending bankruptcy case, the District Court referred the suit to this court on June 30, 2015.

Carrington filed a motion to dismiss the proceeding under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted. I held a hearing on the motion to dismiss on September 28, 2015.

## ANALYSIS

### A. The Bankruptcy Court Does Not Have Constitutional Authority

The Property itself is not part of the bankruptcy estate because it was transferred to Carrington well before the bankruptcy petition was filed. The plaintiff did not disclose the causes of action against these defendants in his schedules, but he also did not claim them as exempt. Therefore, any causes of action that do exist based upon the pre-petition foreclosure proceedings are property of the bankruptcy estate. This proceeding is, in essence, an estate claim brought by the debtor against a creditor of the estate. As such, it falls within the ruling of *Stern v. Marshall*, 131 S. Ct. 2594 (2011), in which the Supreme Court held that bankruptcy courts do not have the constitutional power to enter final judgments on a debtor or an estate's state law claims against a creditor when such claims are not necessarily resolved by ruling on the creditor's proof of claim. *Id.* at 2608, 2611, 2617.

Although the plaintiff listed Carrington as a creditor in his bankruptcy schedules, neither Carrington nor the other defendant have filed proofs of claim in the bankruptcy case. Since they did not file proofs of claim, there will be no need for resolution of any objections to their claims. Therefore, these non-bankruptcy law causes of action cannot be resolved through an adjudication of the defendants' proofs of claim, because the defendants filed no claims to adjudicate.

I could enter a final judgment on the motion to dismiss with the consent of all parties. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1942 (2015). But, not all parties consent. Accordingly, I conclude that I can only make a recommendation to the District Court.

## B. This Proceeding Should Be Dismissed

A complaint must contain a short and plain statement of the claim that would entitled the plaintiff to relief and must specify the relief sought. FED. R. CIV. P. 8(a). The plaintiff's complaint does not do that. The plaintiff is *pro se*, but even giving the complaint the benefit of the doubt contemplated by FED. R. CIV. P. 8, the complaint in no way apprises Carrington of what it did wrong. The complaint alleges that plaintiff's constitutional rights have been violated, but does not provide any factual information to support that allegation. The plaintiff alleges that he was wrongfully deprived of the Property, but, again, does so without any factual information. He also alleges without any factual support that the defendants have violated 42 U.S.C. § 1983 and 18 U.S.C. § 241, neither of which appear to apply in this situation. To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), a complaint must contain sufficient factual allegations, which, if accepted as true, state a plausible cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This complaint is composed entirely of conclusory statements, and that will not suffice. *Id.*

## C. The Plaintiff Should Not Be Permitted To Amend His Complaint

The plaintiff cannot amend his complaint without leave of court at this point, and any request for leave to amend should be freely granted when justice requires. FED. R. CIV. P. 15(a)(1) & (2). In denying a motion for leave to amend, a court must provide some justification for refusal. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013).

Although the plaintiff's pleadings are unclear, he has expressed in court that he believes the foreclosure was improper because the entity who foreclosed never proved that it

was the holder of the note secured by the Property. Perhaps the plaintiff could amend his pleading to properly state such a claim, but I believe that is futile for several reasons.

First, both the plaintiff and Carrington confirmed at the hearing on the motion to dismiss that the County Court heard the plaintiff's arguments that the foreclosure was wrongful. Notwithstanding that, the County Court granted Carrington possession of the Property. It appears that the substance of the plaintiff's claim has been litigated in the County Court and he did not prevail and did not appeal the decision. Under the *Rooker-Feldman* doctrine, a federal court should not entertain an attack on a state court judgment if it would amount to appellate review of that judgment. *Rabalais v. Leon (In re Rabalais)*, 496 Fed. Appx. 498, 500 (5th Cir. 2012). I conclude that the plaintiff is, in substance, asking for review of the County Court judgment.

Second, the plaintiff's claims arose prior to his bankruptcy case, but he did not disclose them in his bankruptcy schedules. The debtor knew of the cause of action before he filed his bankruptcy case; he argued it to the County Court before he filed his bankruptcy. So it would appear that his failure to list the assets on his bankruptcy schedules was not inadvertent, and that he is judicially estopped from bringing his claims against Carrington because he failed to list the claim in his bankruptcy schedules. *Flugence v. Axis Surplus Ins. Co. (In re Flugence)*, 738 F.3d 126, 129-131 (5th Cir. 2013).

Finally, on October 1, 2015, I held a hearing on the chapter 13 trustee's motion to dismiss his chapter 13 case. Based on the fact that the plaintiff is not current with domestic support obligations and for other reasons, I entered an order dismissing the plaintiff's bankruptcy case on October 2, 2015. Dismissal of the plaintiff's bankruptcy case is both a

reason to deny any request by the plaintiff to amend his complaint, but it also calls into question whether bankruptcy court jurisdiction continues after dismissal.

## RECOMMENDATION

I recommend that the motion to dismiss be granted and that the plaintiff not be granted leave to amend.

### # # # END OF REPORT AND RECOMMENDATION # # #